Daniel TURNER, Plaintiff,

v.

**CREATIVE HOSPITALITY VENTURES, INC.,** Defendant.

Case No. 08–61040–CIV.

United States District Court, S.D. Florida.

Dec. 2, 2008.

Matthew Jon Militzok, Hollywood, FL, for Plaintiff.

Bruce Benjamin Baldwin, Mase & Lara PA, Miami, FL, for Defendant.

### *OMNIBUS ORDER*

WILLIAM J. ZLOCH, District Judge.

THIS MATTER is before the Court upon Defendant's Motion For Summary Judgment (DE 15), Defendant's Motion To Stay Proceedings (DE 19), the Parties' Joint Motion To Extend Certain Trial-Related Deadlines (DE 17), and the Parties' Joint Motion For Extension Of Time To Complete Discovery (DE 24). The Court has carefully reviewed said Motions

and the entire court file and is otherwise fully advised in the premises.

Plaintiff Daniel Turner initiated the above-styled cause with the filing of his Complaint (DE 1) alleging a violation of the Fair and Accurate Credit Transactions Act (hereinafter "FACTA"), which amended the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (2006) (hereinafter "the FCRA"). FACTA prohibits any person that accepts credit or debit cards for the transaction of business to print more than the last five digits of the card number or the expiration date of the card on any receipt provided at the point of sale. 15 U.S.C. § 1681c(g)(1).

Damages for a violation of § 1681c(g) are provided in the FCRA. For a willful failure to comply with FACTA or the FCRA's requirements, a person who accepts credit or debit cards is liable for "any actual damages sustained ... or damages of not less than $100 and not more than $1,000." *Id.* § 1681n(a)(1)(A). A willful violation also entitles a consumer to "such amount of punitive damages as the court may allow," plus costs and attorney's fees. *Id.* § 1681n(a)(2)-(3). For a negligent failure to comply, a person who accepts credit or debit cards is liable for any actual damages sustained, plus costs and attorney's fees. *Id.* 1681o(a).

Plaintiff claims Defendant willfully violated § 1681c(g)(1) by printing the expiration date of his credit card on the receipt generated at the point of sale. DE 1, ¶¶ 13–14. Defendant filed the instant Motion (DE 15) and argues that FACTA violates his due process rights under the United States Constitution. Defendant's argument parrots the analysis of a recent decision of the United States District Court for the Northern District of Alabama, *Grimes v. Rave Motion Pictures Birmingham, L.L.C.,* 552 F.Supp.2d 1302 (N.D.Ala.2008), which struck § 1681n(a)(1) down as unconstitutional.

In *Grimes,* the district court found that the language "not less than $100 and not more than $1,000" is unconstitutionally void for vagueness because it does not instruct a jury on the proper manner of determining a damage award. *Id.* at 1306. That court also found that the possibility of punitive damages violated the defendants' due process rights because it would punish the same conduct twice. *Id.* at 1307. Defendant implores the Court to adopt the *Grimes* court's reasoning and argues that § 1681n(a)(1) is both unconstitutionally void for vagueness and violates its due process rights.

■ The Court finds that § 1681n(a)(1) is neither vague nor violative of any due process for Defendant. While the Court gives all due deference to the District Court in *Grimes* several factors counsel against this Court adopting its holding. First, regarding the sliding damages scale, it is the role of a jury to arrive at a compensatory damages calculation that will make a successful plaintiff whole. FACTA allows an award of either actual damages or statutory damages of $100 to $1,000 inclusive. The Court finds that a reasonable jury tasked with this responsibility will be able to affix the proper amount of damages. While Congress could have fixed a bottom amount and left the top amount for a plaintiff to prove at trial, it has instead given a statutory window within which the jury may fix the damages based on the evidence adduced at trial.

■ Second, the Court finds no violation of any due process right from the mere possibility of a punitive damage award. Punitive damages are designed to punish wrongdoing, and courts employ a multi-factored test to review such an award. *See Goldsmith v. Bagby Elevator Co., Inc.,* 513 F.3d 1261, 1282–83 (11th Cir.2008). The Court cannot say that the mere possi-

bility of punitive damages violates any due process right. Any such award will be reviewed for its accord with due process when the same is imposed. *See In re Exxon Valdez,* 270 F.3d 1215 (9th Cir. 2001) (giving a lengthy analysis of an award of punitive damages). The Court also declines to stay this action pending the Eleventh Circuit ruling in *Grimes.*

Additionally, in the instant Motions the Parties seek an extension of certain Court imposed deadlines. Based on the need of the Parties, the Court will grant the Parties additional time to complete discovery in this matter and mediate their claims, within the time prescribed below.

Accordingly, and after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion For Summary Judgment (DE 15), Defendant's Motion To Stay Proceedings (DE 19) be and the same are hereby **DENIED;**

2. the Parties' Joint Motion To Extend Certain Trial–Related Deadlines (DE 17) be and the same is hereby **GRANTED;**

3. The Parties shall have up to and including *Friday, December 5, 2008,* to conduct a mediation conference;

4. The Parties' Joint Motion For Extension Of Time To Complete Discovery (DE 24) be and the same is hereby **GRANTED;** and

5. The Parties shall have up to and including *noon, Wednesday, December 10, 2008,* to conduct depositions.